IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESS RAIL SERVICES CORP., and PROGRESS RAIL LOCOMOTIVE INC., <br><br> Plaintiffs, <br><br> v. <br><br> WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORP., and WABTEC RAILWAY ELECTRONICS, INC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 23- |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
COMPLAINT AND EXHIBITS A–B UNDER SEAL**

Plaintiffs, Progress Rail Services Corporation and Progress Rail Locomotive Inc. (collectively, "Progress Rail"), respectfully request that the Court enter the attached Proposed Order permitting them to file the Complaint and Exhibits A–B under seal. In support of this motion, Progress Rail states as follows:

1. This action arises from anticompetitive conduct that Defendants Westinghouse Air Brake Technologies Corp. and Wabtec Railway Electronics, Inc. (collectively, "Wabtec") have undertaken to monopolize the markets for diesel long-haul freight locomotives, Tier IV long-haul freight locomotives, and Energy Management Systems ("Relevant Markets"). (*See* Compl. ¶¶ 3, 15–17.)

2. Wabtec has gained and entrenched its monopoly in the Relevant Markets since acquiring General Electric ("GE") Transportation in 2019. (*See id.* ¶¶ 80–100, 154–230.) The acquisition merged the sole supplier (*i.e.*, Wabtec) of certain key freight locomotive inputs with the dominant supplier of finished freight locomotives and other cab technology (*i.e.*, GE Transportation). (*See id.* ¶ 80.)

3. After it was announced in 2018, the acquisition raised significant competition concerns within the industry. (*See id.* ¶¶ 85–88.) The competition issues associated with the acquisition prompted a review by the Antitrust Division of the U.S. Department of Justice. (*See id.* ¶ 88.) DOJ ultimately closed its review of the transaction.

4. Wabtec entered into a February 7, 2019, Joint Development, Compatibility, Interchangeability and License Agreement ("2019 Interchangeability Agreement") with Progress Rail. (*See id.* ¶ 89.) In the 2019 Interchangeability Agreement, Wabtec agreed to support open competition, compatibility, and interchangeability of locomotives and locomotive components. (*See id.* ¶¶ 90–96.)

5. More than a year later, Progress Rail and Wabtec Railway Electronics, Inc. entered into another agreement regarding interoperability that is confidential. (*See id.* ¶ 101.)

6. The 2019 Interchangeability Agreement and the confidential interoperability agreement contain confidential information. As one example, paragraphs 101 through 106 of the Complaint contain details about the confidential interoperability agreement. Indeed, that agreement expressly bars publicly disclosing information related to the agreement, including the information identified in paragraphs 101 through 106 of the Complaint, and the fact of the agreement. (*See* Compl., Ex. B § 6.8.)

7. Progress Rail has also attached the 2019 Interchangeability Agreement and the confidential interoperability agreement to the Complaint. (*See* Compl., Ex. A & Ex. B.) Each agreement contains nonpublic, confidential, and competitively sensitive information.

8. There is not yet a protective order in place that would permit the filing of papers under seal. Progress Rail therefore seeks leave to file the Complaint and Exhibits A–B under seal.

9. The Court has the authority to seal documents when the requesting party shows that the "interest in secrecy outweighs the presumption" of access. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988) (right of access to judicial proceedings and records is "not absolute" (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)). The Court may also deny access to judicial records when "they are sources of business information that might harm a litigant's competitive standing." *Littlejohn*, 815 F.2d at 678.[1] Further, "[d]ocuments containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

10. Under these standards, the Complaint and Exhibits A–B should be sealed. As an example, the details about the confidential interoperability agreement in paragraphs 101 through 106 of the Complaint include confidential business information that could harm Wabtec if disclosed. The same holds true for the details about the 2019 Interchangeability Agreement in paragraphs 90 through 96 of the Complaint. And disclosing copies of those agreements in Exhibits A–B would reveal even more competitively sensitive information about the parties.

11. Progress Rail knows of no third parties who have sought disclosure of the Complaint or Exhibits A–B, as contemplated by the public right of access.

---

[1] The Third Circuit has articulated situations when the public has a strong interest in disclosure: when the information is "important to public health and safety" or and "when the sharing of information among litigants would promote fairness and efficiency." *LEAP Sys.*, 638 F.3d at 222 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777-778 (3d. Cir. 1994)) (internal citations omitted). Disclosure may also be warranted when "a party benefitting from the order of confidentiality is a public entity or official" or when the judicial record "involves matters of legitimate public concern." *Id.* (citing *Pansy*, 23 F.3d at 778). None of these considerations apply here.

12. Progress Rail will comply with all applicable procedures for filing under seal through the Court's CM/ECF system, including the requirement to file a redacted version of the Complaint and Exhibits A–B within seven days.

13. For the above reasons, Progress Rail requests that the Court enter the Proposed Order attached to this motion.

OF COUNSEL:

Amy B. Manning
Angelo M. Russo
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 849-8100

Wrede H. Smith, III
MCGUIREWOODS LLP
888 16th Street NW
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
(202) 857-1700

Joshua D. Wade
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1000

Dated:  September 6, 2023

POTTER ANDERSON & CORROON LLP

By: */s/ Jonathan A. Choa*
   Myron T. Steele (#0002)
   Matthew F. Davis (#4696)
   Jonathan A. Choa (#5319)
   Hercules Plaza
   P.O. Box 951
   Wilmington, DE 19899
   (302) 984-6000
   mdavis@potteranderson.com
   msteele@potteranderson.com
   jchoa@potteranderson.com

*Counsel for Progress Rail Services Corp. and Progress Rail Locomotive Inc.*

4