IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESS RAIL SERVICES CORP., and PROGRESS RAIL LOCOMOTIVE INC., <br><br> Plaintiffs, <br><br> v. <br><br> WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORP., and WABTEC RAILWAY ELECTRONICS, INC., <br><br> Defendants. | Civil Action No. 23-983-CFC |

## MEMORANDUM ORDER

Plaintiffs (Progress Rail) initiated this action with the filing of a nine-count Complaint. D.I. 2. On June 12, 2025, I issued an Order (the Dismissal Order) granting in part and denying in part a motion to dismiss all nine counts filed by Defendants (Wabtec) pursuant to Federal Rule of Civil Procedure 12(b)(6). D.I. 27. I dismissed in that Order the three antitrust claims alleged in Counts I, II, and III of the Complaint. D.I. 27 at 10–11. That same day, I set a February 23, 2026 trial date for Counts IV through IX of the Complaint. D.I. 28.

On August 1, 2025, pursuant to a stipulated order proposed by the parties, D.I. 50, Progress Rail filed its First Amended Complaint, D.I. 51. Counts I, II, III,

and X of the First Amended Complaint are antitrust claims. Counts IV and V of the First Amended Complaint are breach of contract claims, and they are respectively identical to Counts IV and V of the Complaint except for the numbering of the paragraphs in the two counts. In Count IV, Progress Rail alleges that "Wabtec has breached the 2019 Interchangeability Agreement by, among other things, (1) refusing to collaborate or otherwise work together to allow Trip Optimizer to run on Progress Rail locomotives and (2) frustrating the integration of its on-board PTC system." D.I. 2 ¶ 290; D.I. 51 ¶ 443. In Count V, Progress Rail alleges that "Wabtec Railway Electronics, Inc. has breached the 2020 I-ETMS License Agreement by, among other things, failing to timely deliver any changes, updates and modifications to the on-board PTC system." D.I. 2 ¶ 300; D.I. 51 ¶ 453.

On September 12, 2025, Wabtec filed a motion titled "Defendants' Motion to Dismiss First Amended Complaint." D.I. 70. Notwithstanding the motion's title, Wabtec requests in the motion that I dismiss only "Counts I, II, III, X, and portions of Counts IV and V (as specified in the accompanying Opening Brief) of the First Amended Complaint." D.I. 70 at 1. Because the trial of Counts IV and V (and VI through IX) is soon approaching, I address here Wabtec's request that I dismiss "portions of Counts IV and V." *See* D.I. 70 at 1.

2

As an initial matter, it is not clear to me from Wabtec's Opening Brief what "portions" of Counts IV and V Wabtec wants me to "dismiss." Wabtec devotes only two of the Opening Brief's twenty pages to argument about Counts IV and V. Those two pages comprise a section of the brief titled "Progress Alleges No Basis for Expanding Its Breach of Contract Claims." D.I. 71 at 19 (some capitalization removed). The section's title confuses me. As I noted above, Progress Rail did not expand in the First Amended Complaint the breach of contract claims it alleged in Counts IV and V of the Complaint. Again, Counts IV and V in the First Amended Complaint are word-for-word the same as Counts IV and V, respectively, in the Complaint. The only change the First Amended Complaint makes to these counts is the numbering of the paragraphs that comprise the counts.

The argument set forth in this section of the Opening Brief is also confusing. In the first sentence of the section, Wabtec says that I "denied [its] motion to dismiss the breach of contract claim*s* in the original complaint insofar as ***they*** alleged that Wabtec 'frustrat[ed] the integration of its on-board PTC System.'" D.I. 71 at 19 (latter alteration in the original) (emphasis added) (quoting D.I. 27 at 1). But that is not true. In the Dismissal Order, I "den[ied] [Wabtec's] motion [to dismiss the Complaint] *with respect to Count IV* insofar as Progress Rail alleges *in that claim* that Wabtec 'breached the 2019 Interchangeability Agreement

3

by . . . frustrating the integration of its on-board PTC system' in Progress Rail's locomotives." D.I. 27 at 1 (omission in the original) (emphasis added) (quoting D.I. 2 ¶ 290). I denied the motion "with respect to Count V" because "Progress Rail has plausibly alleged, as it claims in Count V, that Wabtec 'breached the 2020 I-ETMS License Agreement by . . . failing to timely deliver any changes, updates and modifications to the on-board PTC system.'" D.I. 27 at 2 (omission in the original) (quoting D.I. 2 ¶ 300).

As best I can tell from the remaining sentences of the relevant section of the Opening Brief, what Wabtec really seeks with respect to Counts IV and V is an order precluding Progress Rail from adducing at trial evidence of certain factual allegations that Progress Rail makes in the First Amended Complaint but did not make in the Complaint to support the claims alleged in Counts IV and V. But those factual allegations are not claims. And therefore, though their exclusion from this case might properly be sought with a motion to strike under Rule 12(f) or a motion *in limine*, they are not subject to dismissal under Rule 12(b)(6).

Rule 12(b)(6) does not authorize district courts to dismiss "portions" of a claim. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims . . . .") (emphasis in the original); *FTC v. Nudge, LLC*, 430 F. Supp.

4

3d 1230, 1246 (D. Utah 2019) ("[P]arties may not use [R]ule 12(b)(6) to dismiss only parts of a claim."); *Redwind v. Western Union, LLC*, 2019 WL 3069864, at *4 (D. Or. June 21, 2019) ("[C]ourts may not dismiss only some of the claim's allegations if the claim otherwise survives."); *Doe v. Napa Valley Unified Sch. Dist.*, 2018 WL 4859978, at *2 (N.D. Cal. Apr. 24, 2018) ("By its own terms, there does not appear to be any way to grant partial dismissal of a claim under [Rule] 12(b)(6).") (citation omitted). Rule 12(b) allows a party to "assert . . . by motion" certain "defenses[s] to a claim for relief." And Rule 12(b)(6) identifies one of those defenses—namely, "failure to state a claim upon which relief can be granted." Thus, the relief available under Rule 12(b)(6) is dismissal of a claim.

In a footnote in its Opening Brief, Wabtec says that "[b]ecause Progress's breach of contract counts combine distinct alleged breaches, the Court may dismiss the insufficient claims even without dismissing the entire count." D.I. 71 at 21 n.3. It is true that a party may allege more than one claim in a count, *see* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."), and thus, when a party does so, a court could dismiss under Rule 12(b)(6) an insufficient claim without dismissing the entire count. But Count V alleges only one claim for relief: "Wabtec Railway Electronics, Inc. has breached the 2020

5

I-ETMS License Agreement by, among other things, failing to timely deliver any changes, updates and modifications to the on-board PTC system." D.I. 51 ¶ 453. And I held in the Dismissal Order that Progress Rail has plausibly alleged that claim. D.I. 27 at 2. Count IV arguably alleges two claims for relief. *See* D.I. 51 ¶ 443 ("Wabtec has breached the 2019 Interchangeability Agreement by, among other things, (1) refusing to collaborate or otherwise work together to allow Trip Optimizer to run on Progress Rail locomotives and (2) frustrating the integration of its on-board PTC system."). But I held in the Dismissal Order that Progress Rail plausibly alleged "that Wabtec 'breached the 2019 Interchangeability Agreement by . . . frustrating the integration of its on-board PTC system' in Progress Rail's locomotives," D.I. 27 at 1; and Wabtec does not argue in its Opening Brief that the First Amended Complaint does not plausibly allege that "Wabtec has breached the 2019 Interchangeability Agreement by . . . refusing to collaborate or otherwise work together to allow Trip Optimizer to run on Progress Rail locomotives," *see* D.I. 51 ¶ 443; *see generally* D.I. 71.

NOW THEREFORE, at Wilmington on this Thirtieth Day of January in 2026, it is HEREBY ORDERED that Defendants' Motion to Dismiss First Amended Complaint (D.I. 70) is DENIED IN PART and DEFERRED IN PART.

6

The motion is DENIED insofar as it seeks dismissal of Counts IV and V of the First Amended Complaint; the motion is otherwise DEFERRED.

                                                                                                 CHIEF JUDGE