# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESS RAIL SERVICES CORP., and PROGRESS RAIL LOCOMOTIVE INC., <br><br> Plaintiffs, <br><br> v. <br><br> WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORP., and WABTEC RAILWAY ELECTRONICS, INC., <br><br> Defendants. | C.A. No. 23-983-CFC-SRF <br><br> **REDACTED** <br> **PUBLIC VERSION** |

## DEFENDANTS' LETTER BRIEF TO THE HONORABLE COLM F. CONNOLLY REGARDING MOTION FOR SANCTIONS

OF COUNSEL:
David C. Kiernan
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 626-3939
dkiernan@jonesday.com

Meredith M. Wilkes
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114.1190
(216) 586-3939
mwilkes@jonesday.com

Caroline O. Van Wagoner
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
(858) 314-1200
cvanwagoner@jonesday.com

Kelly E. Farnan (#4395)
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
farnan@rlf.com

*Counsel for Westinghouse Air Brake Technologies Corp. and Wabtec Railway Electronics, Inc.*

Dated: February 3, 2026

Dear Chief Judge Connolly:

Wabtec requests sanctions against Progress for violating the federal rules and flouting this Court's Scheduling Order by repeatedly misrepresenting the scope of production and withholding key documents that demonstrate Progress should not have filed its libel-related claims. At a minimum, the Court should award Wabtec its reasonable attorneys' fees and expert costs caused by these violations and preclude Progress from offering evidence or argument that (i) "remarks" by Wabtec's CFO at an investor event caused reputational harm to Progress's Tier IV locomotives; and (ii) Progress's Talos energy management product was high quality, and Wabtec caused Talos operational problems, reputational harm, and lost sales.

Under this Court's Order, fact discovery closed October 31, 2025. D.I. 35. Progress's counsel certified under Rule 26(g) that Progress would produce documents "through the present." *See* Van Wagoner Decl. ("VW Decl.") ¶¶ 8-10. That certification was false, and Progress knew it. When Wabtec discovered that Progress had produced only 15 documents from 2024-2025, Progress deceived again, misrepresenting it had produced through February 2024. *Id*. ¶ 14. As the late production revealed, Progress had applied and concealed custodian-specific date cutoffs and had not produced documents from 2023. Ultimately, Progress produced roughly 35% of its entire production ***after*** the Court's discovery deadline. *Id*. ¶ 19.

The Honorable Colm F. Connolly
February 3, 2026
Page 2

The late-produced documents bear directly on and undercut Progress's claims. Counts VI-IX are predicated on "remarks" by Wabtec's CFO at an investor conference in May 2023 regarding Progress's Tier IV locomotive business. *Id.* ¶ 2. Progress claimed these "remarks" caused Progress to lose sales and suffer reputational harm. After the evidence failed to support any monetary injury, Progress pivoted to a reputational-harm-only theory. *Id.* ¶ 5. But at the time Progress filed its Complaint, it knew this theory was baseless. Among others, in December 2025, Progress produced a July 2023 email from Progress's CEO John Newman, marked ███████████." In this email, employees discuss the company's ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ *Id.* ¶ 21. Progress expressed concern that yet another customer would ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ *Id.* The email includes ████████████ ████████████████████████████████████████. *Id.* This reinforces Progress's discovery responses, as well as testimony from management, admitting ████████████████████████████████████████ ████████████████████████. *Id.* ¶ 27. Progress claims that it did not produce

The Honorable Colm F. Connolly
February 3, 2026
Page 3

the document earlier because it used a June 2023 cut-off for Mr. Newman's documents, a convenient excuse.

The late-produced documents also undermine Progress's contract claims. Among other harm, Progress asserts that an update to Wabtec's PTC system caused Talos to disengage, harming Progress's reputation. *Id.* ¶ 28. But Progress withheld documents demonstrating that ███████████████████████████ ███████████████. *Id.* ¶¶ 30-32.

Rule 16(f), Rule 37(b)(2), and the Court's inherent powers authorize sanctions, including fees and expenses, for violating a scheduling order and for failing to timely produce documents. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 243 (3d Cir. 2007) (affirming "expense sanctions" for late production); *McCready v. Re/Max Achievers*, No. 24-cv-02226, 2025 WL 3515422, at *13 (E.D. Pa. 2025) (awarding attorneys' fees for late production). And it is "within the sound discretion of the trial court" to "penalize a party for dilatory conduct during discovery." *Cemar, Inc. v. Nissan Motor Corp. in U.S.*, No. 87-165, 1990 WL 3038, at *6 (D. Del. Jan. 8, 1990).

Here, the egregious conduct warrants an award of Wabtec's attorneys' fees and expert costs it incurred defending against Counts IV-IX. The violations were neither technical nor harmless. Progress's Rule 26(g) certification was false, and Progress continued to mispresent the scope of its production. Progress also

The Honorable Colm F. Connolly
February 3, 2026
Page 4

concealed key documents that undermine its claims and buried them in an 11,812-page production provided long after the cutoff. As a result, Wabtec was deprived the ability to confront witnesses and develop a complete record. *See, e.g., Trowery v. O'Shea*, No. 12-6473, 2015 WL 9587608, at *6-*10 (D.N.J. Dec. 30, 2015) (finding "inadvertence is not a substantial justification for failing to produce documents" and awarding reasonable expenses caused by such "gross negligen[ce]" of defendant and counsel).

Evidentiary preclusion is likewise appropriate under the Third Circuit's *Poulis* factors.[1] *See, e.g., Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221, 225 (3d Cir. 2003) (affirming exclusion of evidence that was "tantamount to dismissing the claim" under *Poulis* factors); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 101–02 (D.N.J. 2006) (finding lesser sanctions inadequate under *Poulis* where a party failed to timely produce before depositions and concealed that no effective electronic document search occurred).

The prejudice to Wabtec and Progress's bad faith are unmistakable: despite repeatedly representing in signed discovery responses that it would produce documents "to the present," Progress imposed arbitrary custodian-by-custodian

---

[1] Defendants acknowledge some overlap with the motion *in limine*. However, that motion could not seek sanctions, and the information submitted there supports further relief.

The Honorable Colm F. Connolly
February 3, 2026
Page 5

cutoff dates (some as early as June 2023) and did not reveal the varying cutoff dates until its opposition to Wabtec's motion *in limine*. Progress not only pressed forward with its claims, it suggested that Progress's litigation misconduct was somehow Wabtec's fault, characterizing Wabtec's reliance on counsel's certification and its late realization that Progress had not told the truth as "gamesmanship." Progress deprived Wabtec of timely discovery on reputation and causation, and that prejudice cannot be cured. Reopening discovery would not cure the late production, which revealed what Wabtec has said all along: these claims are meritless.

    Wabtec respectfully requests attorneys' fees, costs, and exclusion of the testimony and evidence.

                                    Respectfully,

                                    */s/ Kelly E. Farnan*

                                    Kelly E. Farnan (#4395)

Attachment

cc: Counsel of Record (via CM/ECF)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on February 3, 2026 upon the below counsel of record as follows:

**BY ELECTRONIC MAIL**
Myron T. Steele
Matthew F. Davis
Jesse L. Noa
Tyler E. Cragg
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
Wilmington, DE 19899

**BY ELECTRONIC MAIL**
Wrede H. Smith, III
David Finkelson
McGuireWoods LLP
888 16th Street NW, Suite 500
Washington, DC 20006

**BY ELECTRONIC MAIL**
Alan R. Silverstein
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Amy B. Manning
David E. Finkelson
Angelo M. Russo
Sarah A. Zielinski
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601

**BY ELECTRONIC MAIL**
Joshua D. Wade
Andriana Shultz Daly
McGuire Woods LLP
800 East Canal Street
Richmond, VA 23219

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com