# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESS RAIL SERVICES CORP., and PROGRESS RAIL LOCOMOTIVE INC. *Plaintiffs*, v. WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORP., and WABTEC RAILWAY ELECTRONICS, INC., *Defendants*. | Case No. 1:23-cv-00983-CFC **PUBLIC VERSION** |

## LETTER DATED FEBRUARY 10, 2026 TO THE HONORABLE COLM F. CONNOLLY FROM TYLER E. CRAGG IN OPPOSITION TO DEFENDANTS' SANCTIONS MOTION

OF COUNSEL:

Amy B. Manning
Angelo M. Russo
Sarah A. Zielinski
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601

Wrede H. Smith, III
David Finkelson
McGuireWoods LLP
888 16th Street NW, Suite 500
Washington, DC 20006

Joshua D. Wade
McGuire Woods LLP
800 East Canal Street
Richmond, VA 23219

Matthew F. Davis (#4696)
Jesse L. Noa (#5015)
Tyler E. Cragg (#6398)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
mdavis@potteranderson.com
jnoa@potteranderson.com
tcragg@potteranderson.com

*Counsel for Progress Rail Services Corp. and Progress Rail Locomotive Inc.*

Dated: February 10, 2026

Public Version Dated: February 17, 2026

**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801-6108
302.984.6000
potteranderson.com



**Tyler E. Cragg**
Associate

tcragg@potteranderson.com
Direct  302.984.6214

February 10, 2026  (Public Version Dated:  February 17, 2026)

**CM/ECF and HAND DELIVERY**

The Honorable Colm F. Connolly                           **PUBLIC VERSION**
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:  *Progress Rail Services Corp., et al. v. Westinghouse Air Brake Technologies Corp., et al.*; C.A. No. 23- 983-CFC

Dear Chief Judge Connolly:

Defendants' sanctions motion should be denied.  Defendants mischaracterize the facts and seek extraordinary and disproportionate relief.  Sanctions must be proportionate to the conduct and tailored to any demonstrated prejudice.  Preclusion tantamount to dismissal is a "drastic sanction" that requires heightened scrutiny, including consideration of the *Poulis* factors, which Defendants failed to address in their Motion, and is reserved for willful or bad-faith misconduct where lesser measures are inadequate.  *Bjorgung v. Whitetail Resort*, 197 F. App'x 124, 126 (3d Cir. 2006).  Defendants fail to show either substantial prejudice or bad-faith misconduct, let alone both.

The Honorable Colm F. Connolly            **PUBLIC VERSION**
United States District Court
February 10, 2026 (Public Version Dated: February 17, 2026)
Page 2

  Defendants accuse Plaintiffs and their counsel of deceit, concealment, and misrepresentations–without offering any evidentiary support. Far from supporting accusations of concealment and bad faith, the record shows an inadvertent, promptly-remediated export gap tied to custodian snapshot dates, corrective action that produced additional materials on a compressed timetable, and concrete measures eliminating claimed prejudice. Plaintiffs agreed not to introduce documents produced after the fact-discovery cutoff at trial, while Defendants may use those materials. D.I. 197 ¶109. Plaintiffs also offered their CEO John Newman for deposition regarding the challenged documents Defendants intend to use that include Mr. Newman. Defendants accepted the first offer, but declined to depose Mr. Newman. Now, more than three months after recognizing an issue, they pursue sweeping fee-shifting and evidentiary preclusion—an inappropriate litigation windfall.

  Under *Poulis*, dismissal or preclusion tantamount to dismissal requires balancing six factors and no one factor is dispositive: (1) extent of the party's personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) willfulness or bad faith; (5) alternative sanctions; and (6) meritoriousness of the claim. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Each factor weighs heavily against the requested relief.

The Honorable Colm F. Connolly    **PUBLIC VERSION**
United States District Court
February 10, 2026 (Public Version Dated:  February 17, 2026)
Page 3

The first *Poulis* factor weighs against the requested sanctions. In this circumstance, the data was not exported as a result of counsel's inadvertent error. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 135 (3d Cir. 2019) (discussing the first factor and stating "[w]ithout a doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome").

Factors 2 and 5 weigh against sanctions.  Defendants' claimed prejudice is overstated.  Defendants identify two categories of later-produced documents: (i) a single email with one employee's ▮▮▮▮▮▮▮▮▮▮, and (ii) a handful of documents discussing ▮▮▮▮▮▮▮▮.  D.I. 202 at 2-3.  But Defendants already possessed and used Tier IV reputational materials, including from customers; took extensive discovery on these subjects; and questioned several witnesses about the ▮▮▮▮▮▮▮▮▮▮ in the later-produced documents.  Russo Decl. ¶¶30-33; *see also Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 552 (D. Del. 2013) (declining to strike evidence because it merely "support[ed] evidence that was in the record prior to the close of discovery").  Moreover, Plaintiffs offered Mr. Newman for deposition. Russo Decl. ¶¶28-29.  Thus, Defendants' claim rings hollow that they were "deprived of the ability to confront witnesses and develop a complete record" (D.I. 202 at 4). *Flaherty v. M.A. Bruder & Sons, Inc.*, 202 F.R.D. 137, 141-42 (E.D. Pa. 2001)

The Honorable Colm F. Connolly **PUBLIC VERSION**
United States District Court
February 10, 2026 (Public Version Dated: February 17, 2026)
Page 4

(determining production of withheld documents, coupled with opportunity to depose a witness, "substantially obviates any prejudice"); *Crawford*, 19 F. Supp. 3d at 553 (finding persuasive that the moving party declined offers to re-depose witnesses or request to extend discovery).

Defendants' arguments about Talos also fail. Plaintiffs produced documents identified in their interrogatory responses discussing multiple causes of disengagements, including the alternative cause Defendants cite. Russo Decl. ¶¶25-26. And Defendants questioned Plaintiffs' witnesses about disengagements. *Id.* ¶32.

Factors 3 and 4 weigh against sanctions. Defendants level unsubstantiated accusations of misrepresentation and concealment which are contradicted by the facts. Throughout discovery, Plaintiffs agreed to produce documents through the present and intended to honor that commitment. Plaintiffs timely produced thousands of documents, offered eight witnesses for deposition, and timely responded to written discovery. Russo Decl. ¶9. The document shortfall resulted from an inadvertent export gap tied to custodian-specific snapshots. *Id.* ¶¶14-17. Plaintiffs preserved all post-snapshot data, but those materials were not included in the initial export. *Id.*

When Defendants first raised the issue at 7:46 p.m. on the day fact discovery closed in October, Plaintiffs promptly investigated, identified the cause of the gap,

The Honorable Colm F. Connolly                                     **PUBLIC VERSION**
United States District Court
February 10, 2026 (Public Version Dated: February 17, 2026)
Page 5

and sent supplemental collections to their vendor. *Id*. ¶¶11-18. Plaintiffs reviewed 76,841 documents and made rolling supplemental productions two months before trial. *Id*. ¶¶19-22. This does not suggest willful misconduct, but rather an inadvertent collection error that Plaintiffs promptly remedied. *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 876-77 (3d Cir. 1994) ("Willfulness involves intentional or self-serving behavior" rather than "inexcusable negligent behavior"); *see also Hildebrand*, 923 F.3d at 135.

Factor 6 weighs against sanctions. Defendants exaggerate the materiality of the documents-in-question. Much of Defendants' motion focuses on a single email containing ████████████████████████████████████████ ████. Russo Decl. ¶24. This email is not dispositive of whether Defendants' remarks regarding exiting the Tier IV market caused Plaintiffs reputational harm, nor does it render Plaintiffs' claims meritless. *See Hildebrand*, 923 F.3d at 137-38 (finding the court should "resolve doubt in favor of a decision on the merits").

Defendants' fee request covering the entirety of their defense is also unjustified. *See Khal Anshei Tallymawr Inc. v. Twp. of Toms River*, No. CV 21-2716-RK-JTQ, 2025 WL 934761, at *10 (D.N.J. Mar. 27, 2025) (finding over $300,000 in fees for two years of discovery disputes "overbroad"). Defendants' cited cases are inapposite. *E.g.*, *Tracinda Corp v. DaimlerChrysler AG*, 502 F.3d

The Honorable Colm F. Connolly  **PUBLIC VERSION**
United States District Court
February 10, 2026 (Public Version Dated: February 17, 2026)
Page 6

212, 243 (3d Cir. 2007) (documents produced a year after discovery closed and *during* trial); *McCready v. Re/Max Achievers*, No. 24-cv-02226, 2025 WL 3515442, at *13 (E.D. Pa. 2025) (documents produced six days before trial).

In summary, Defendants fail to meet the *Poulis* factors, their accusations are unsubstantiated, and their proposed remedy is overbroad. Their motion should be denied.

                Respectfully submitted,

                /s/ *Tyler E. Cragg*

                Tyler E. Cragg
                Del. Bar No. 6398

TEC/drt

cc:    Clerk of the Court (via Hand Delivery)
       Counsel of Record (via CM/ECF)